CRICHTON, J,,
dissents and assigns reasons:
hi respectfully dissent from this court’s decision to grant petitioner conditional reinstatement to the practice of law. As a result of previous ethical violations, this Court suspended petitioner from the practice of law for one year and one day. In re Ferrara, 15-1196 (La. 6/30/15), 167 So.3d 618; In re Ferrara, 13-0722 (La. 4/26/13), 116 So.3d 654. In his petition for reinstatement, which the disciplinary hearing committee characterized as “sloppily prepared” and “concerning” that the petition “had such inaccuracies,” petitioner omitted a significant number of assets and income as well as a number of liabilities, including tax liens in excess of $380,000. Notwithstanding an amendment of his application, petitioner has disregarded the clearly delineated and non-negotiable reinstatement requirements set forth in La. Sup. Ct. Rule XIX, which calls into question whether he possesses the requisite character and fitness to practice law. This Court has stated time and time again, “[disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.” Louisiana State Bar Association v. Reis, 513 So.2d 1173, 86-1788 (La. 10/19/87) (internal citations omitted). Following suspension from the practice of law, one who petitions the supreme court for reinstatement ought to be scrupulous and fastidious—and accurate—in doing so. Given petitioner’s transgressions and his “sloppily prepared” application for reinstatement, I seriously question whether he has proven that he has the | ¡¡.requisites to return to this noble profession. Accordingly, I would deny even a conditional reinstatement.